IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-378-FL

| | | |
|---|---|---|
| KIMBERLY SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 22, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers, entered memorandum and recommendation ("M&R") (DE 28), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

Mr. Snow filed an application for a period of disability and disability insurance benefits on March 4, 2016, alleging disability beginning February 24, 2016. His application was denied both initially and upon reconsideration. Mr. Snow requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on June 13, 2018, and supplemental hearing February

---

[1] The court constructively amends the caption of this order to reflect the substitution of plaintiff Kimberly Snow for former-plaintiff Kevin Snow, her husband and the initial Social Security claimant, as ordered May 12, 2021, (Order (DE 20)), after Kevin Snow's death. Accordingly, the court herein distinguishes between Kevin Snow ("Mr. Snow") and Kimberly Snow ("plaintiff").

4, 2019. The ALJ denied Mr. Snow's claims by decision entered February 25, 2019. The Appeals Council denied his request for review, leaving the ALJ's decision as defendant's final decision. Mr. Snow then commenced the instant action seeking judicial review on July 14, 2020.

## COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[2] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

---

2  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that Mr. Snow had not engaged in substantial gainful activity since his alleged onset date of

3

February 24, 2016. (Transcript of Record ("Tr.") 15). At step two, the ALJ found that Mr. Snow had the following severe impairments: diabetes mellitus, peripheral neuropathy, chronic infections of the skin or mucous membranes, and visual impairment. (Id.). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations. (Tr. 15-16).

Before proceeding to step four, the ALJ determined that during the relevant time period Mr. Snow had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations:

> He can occasionally operate foot and hand controls bilaterally. The claimant can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. The claimant cannot perform any function that requires bilateral near visual acuity. He can occasionally operate a motor vehicle. The claimant can occasionally work in weather, in humidity, and in wetness. He may never be exposed to pulmonary irritants such as dust, odors, or fumes. The claimant can occasionally work in extreme heat and cold. He can occasionally be exposed to vibrations, but cannot work at unprotected heights or around moving mechanical parts.

(Tr. 16). At step four, the ALJ concluded Mr. Snow was unable to perform any past relevant work. At step five, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Mr. Snow could perform. Thus, the ALJ concluded that Mr. Snow was not disabled under the terms of the Social Security Act.

B.      Analysis

In her objections, plaintiff argues that the ALJ erred in his determination that there were other jobs in significant numbers in the national economy that Mr. Snow could perform. She does not object, however, to the M&R's recommendation regarding her initial argument that the ALJ erroneously failed to include limitations regarding handling and fingering in Mr. Snow's RFC. (See Pl.'s Obj. (DE 29) at 1-5). Upon careful review of the record, the court finds that the magistrate judge already has addressed cogently plaintiff's arguments, and plaintiff raises no issues

with the analysis in the M&R for the court to review. See Orpiano, 687 F.2d at 47. Having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

To augment the analysis in the M&R, the court writes separately to address plaintiff's objections.

1. Interpreting the Vocational Expert's Testimony

Plaintiff argues that the ALJ erroneously interpreted the vocational expert's hearing testimony when he found that vocational expert testified that "given all of the[] factors, [Mr. Snow] would be able to perform the requirements of representative occupations such as a toy stuffer," (Tr. at 20 (emphases added)), which is a job existing in the national economy.

At supplemental hearing, the vocational expert testified that if she considered "a hypothetical individual with the same age, education, and past relevant work experience" as Mr. Snow with his RFC as previously defined, an "example" of an "unskilled, sedentary level" position within the "regional or national economy that such a hypothetical individual could perform" would be "a toy stuffer," with 4,100 jobs existing nationally. (Tr. 48-49). However, she shortly thereafter testified that "given all of the limitations I think that [toy stuffer is] going to be all that I can identify." (Tr. 50).

The magistrate judge, plaintiff, and defendant all conclude that the ALJ's reference to toy stuffer as merely a "representative occupation" in his analysis thus did not precisely capture the vocational expert's testimony read as a whole. (See, e.g., M&R (DE 28) at 13 ("While the ALJ states at step five that the [vocational expert] testified that a claimant with Mr. Snow's limitations could perform 'representative occupations such as toy stuffer,' the hearing testimony makes clear that toy stuffer is the only occupation the [vocational expert] found that Mr. Snow could

5

perform."); Def.'s Mem. (DE 28) at 11 ("With the assistance of the [vocational expert], the ALJ properly determined that despite [Mr. Snow's] impairments, a job existed in significant numbers in the national economy that [Mr. Snow] could perform."); Pl.'s Obj. (DE 29) at 1-3). Plaintiff contends that if the ALJ had properly comprehended the vocational expert's testimony to represent that toy stuffer was the only job that Mr. Snow could find in the national economy, which included 4,100 of those jobs, he possibly would have found that no job exists in significant numbers in the national economy that Mr. Snow could perform. Even assuming the ALJ misunderstood the vocational expert's testimony, the court does not agree the ALJ would have come to a different conclusion on plaintiff's proffered interpretation of the hearing testimony.

The legal principle of harmless error is applicable in this context. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 658 (4th Cir. 2017) (citing Shinseki v. Sanders, 556 U.S. 396, 407 (2009)); see, e.g., Parker v. Berryhill, 733 F. App'x 684, 685 (4th Cir. 2018); Keller v. Berryhill, 754 F. App'x 193, 199 (4th Cir. 2018). Under that principle, the remand is not required for an alleged error if "it is high unlikely, given the . . . evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability." Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (per curiam).

The United States Court of Appeals for the Fourth Circuit has stated that a measurably smaller amount of jobs than that evidenced by the vocational expert's testimony here is significant. See, e.g., Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) ("We do not think that the approximately 110 jobs [in the region] testified to by the vocational expert constitute an insignificant number."); Hodges v. Apfel, No. 99-2265, 2000 WL 121251, at *1 (4th Cir. Jan. 28, 2000) ("[Plaintiff] asserts that he qualifies for no more than 153 jobs. That number suffices to defeat [his] claim for disability benefits."); see also Guiton v. Colvin, 546 F. App'x 137, 142 (4th

6

Cir. 2013) (explaining that even if a vocational expert's assertion of 26,330 jobs in North Carolina was overinclusive, that number was "sufficiently reliable to support the ALJ's conclusion" that significant jobs existed where "far smaller figures would still suffice to satisfy the Commissioner's burden" (citing Hicks, 600 F.3d at 1051 n.2)). Therefore, with these examples in mind and where plaintiff proffers no articulable reason to think defendant's conclusion would change on remand, the court concludes that remand is unnecessary even if the ALJ misapprehended the vocational expert's testimony as to toy stuffer being the only job rather than an exemplary job.

2. Jobs in the Region or in Multiple Regions

Plaintiff further contends that "[t]he ALJ failed to elicit any testimony regarding the incidence of [toy stuffer] positions in the State of North Carolina or whether they exist in multiple regions," as opposed to existing in the national economy. (Pl.'s Mem. (DE 23) at 11). The magistrate judge rejected this argument, concluding that "[a]lthough no testimony was given as to the occurrence of such jobs in the State of North Carolina, or whether such jobs exist in multiple regions of the country, there was no requirement that the ALJ seek such testimony." (M&R (DE 28) at 15). The court concurs that the ALJ did not err in his conclusion regarding the existence in significant numbers of other work to which Mr. Snow could adjust given his RFC. See generally 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R. § 404.1560(c). The court writes herein to further augment that analysis.

The Social Security Act "defines 'work which exists in the national economy' as work that 'exists in significant numbers either in the region where such individual lives or in several regions of the country.'" Patterson, 846 F.3d at 660 n.3 (quoting 42 U.S.C. § 423(d)(2)(A)); 20 C.F.R. § 404.1560(c) ("Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).").

In turn, "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [claimant] live[s] are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b). Accordingly, "evidence of jobs existing nationally constitutes evidence of work existing in several regions of the country, at least where there is nothing in the number of jobs or the nature of the jobs identified to indicate that those jobs would exist only in limited numbers in isolated regions of the country." McCall v. Saul, 844 F. App'x 680, 681 (4th Cir. 2021).

Here, plaintiff has not demonstrated that anything in the number of jobs at issue (4,100) or the nature of the job of toy stuffer indicates that those jobs exist only in limited numbers in isolated regions of the country, and the court sees no reason to conclude otherwise. See Hicks, 600 F.2d at 1051 n.2 (finding 110 regional jobs sufficient). Plaintiff relies upon the statement in Social Security Ruling 96-9p that

> [w]here there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the adjudicator finds that the individual is able to do other work, the adjudicator must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual resides or in several regions of the country,

SSR 96–9p, 61 Fed. Reg. 34,478, 34,481 (July 2, 1996). This statement, however, does not counsel otherwise where incidence of such work in the region where the individual resides or in several regions of the country is virtually synonymous, statutorily, with "work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Therefore, substantial evidence supported the ALJ's conclusion at the fifth step given that evidence of the 4,100 jobs nationally constituted sufficient evidence of those jobs existing in several regions of the country.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 28). Plaintiff's motion for judgment on the pleadings (DE 22) is DENIED, and defendant's motion for judgment on the pleadings (DE 26) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this 30th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge